**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD P. MORENCY, JR. | |
| Appellant | No. 3041 EDA 2014 |

Appeal from the Judgment of Sentence July 11, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0002533-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 21, 2015**

Appellant, Ronald P. Morency, Jr., appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his jury trial convictions for resisting arrest or other law enforcement and disorderly conduct and his bench trial conviction for the summary offense of harassment.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises two issues for our review:

---

[1] 18 Pa.C.S.A. §§ 5104, 5503, 2709, respectively.

WAS PASSIVE FORCE EMPLOYED BY APPELLANT SUFFICIENT TO CONVICT APPELLANT OF RESISTING ARREST?

WAS THE EVIDENCE SUFFICIENT TO SUSTAIN A CONVICTION FOR MISDEMEANOR DISORDERLY CONDUCT PURSUANT TO 18 PA.C.S.A. § 5503(a)(1), FOR ENGAGING IN FIGHTING OR THREATENING, OR IN VIOLENT, TUMULTUOUS BEHAVIOR WHEN THE ONLY WARNING TO DESIST WAS GIVEN AFTER THE ALTERCATION WAS OVER AND THE EVIDENCE, AT MOST, CONSTITUTES A SUMMARY OFFENSE?

(Appellant's Brief at 4).

When examining a challenge to the sufficiency of the evidence, our standard of review is:

[W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting *Commonwealth v.*

- 2 -

*Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

Section 5104 of the Crimes Code defines the offense of resisting arrest or other law enforcement as follows:

### § 5104.  Resisting arrest or other law enforcement

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104.  Additionally, a person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: "engages in fighting or threatening, or in violent or tumultuous behavior…."  18 Pa.C.S.A. § 5503(a)(1).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable C. Theodore Fritsch, Jr., we conclude Appellant's issues merit no relief.  The trial court opinion comprehensively discusses and properly disposes of the questions presented.  (*See* Trial Court Opinion, filed December 8, 2014, at 5-9) (finding: **1)** although Appellant did not create substantial risk of bodily injury to arresting officers, his conduct required officers to use substantial force to effectuate arrest; when Officer Lawhead informed Appellant he was under arrest, Appellant assumed fighting stance and challenged officer; Appellant continually refused to place his arms behind his back; further, Appellant's physical resistance caused Officer Lawhead to seek assistance from his

- 3 -

partner to effectuate arrest; **2)** Appellant engaged in tumultuous behavior, which persisted after Appellant received reasonable warnings to desist; Appellant's conduct occurred outside market, within earshot of patrons; Appellant threatened Victim, uttered profanities, and pushed Victim to ground; Appellant continued his unruly behavior, even after Victim and Officer Lawhead repeatedly asked Appellant to stop). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA           :          No. CP-09-CR-0002533-2014

                                       :
         v.                            :
                                       :
                                       :
RONALD P. MORENCY, JR.                 :



## OPINION

On July 11, 2014, following a two-day jury trial, Ronald Morency (hereinafter sometimes referred to as "Appellant"), was found guilty of Resisting Arrest and Disorderly Conduct. On July 11, 2014, this Court sentenced Appellant on Count Two, Resisting Arrest, to a period of two years probation and 30 hours of community service. This Court sentenced Appellant on Count Three, Disorderly Conduct, to six months probation to run consecutively to the sentence on Count Two.

Appellant has filed an appeal to the Superior Court of Pennsylvania from the judgment of sentence. This Opinion is filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## BACKGROUND

Appellant was charged by Criminal Complaint on May 19, 2014, with Simple Assault, Resisting Arrest, four counts of Disorderly Conduct and Harassment. These charges stemmed from an incident which occurred in the parking lot of Redner's Warehouse Market in Richland Township on February 26, 2014. Appellant's preliminary hearing was held on April 24, 2014. At the conclusion of the hearing, charges were held over for trial in the Bucks County Court of Common Pleas.



Appellant's jury trial began on July 10, 2014. On July 11, 2014, the jury found Appellant guilty of Resisting Arrest, and Disorderly Conduct – Engaging in Fighting Behavior. After the verdict, this Court found Appellant guilty of summary Harassment. Viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, the following relevant testimony was presented at trial:

On February 26, 2014, Appellant was in the parking lot of Redner's Warehouse Market. While Appellant was in the parking lot of the store, Mr. Tri Lac pulled his vehicle up to the vestibule of the store. Mr. Lac temporarily stopped his vehicle in front of the store in a no parking zone because his elderly mother was in the passenger seat and this allowed for an easy exit point. (N.T. 07/10/2014, p. 22).

As Lac's vehicle was stopped in front of the store, the Appellant proceeded to verbally berate Mr. Lac for blocking the store entrance. After Lac's mother exited the vehicle, the Appellant continued to harass Mr. Lac as Lac attempted to move his vehicle away from the no parking zone. (N.T. 07/10/2014, pp. 26-27). At that time, Lac became concerned for his safety, as well as the safety of his mother, who was outside of the vehicle and within a few feet of Appellant. (N.T. 07/10/2014, p. 27). Mr. Lac moved his vehicle a short distance and stepped out of his car and attempted to plead with the Appellant to calm down. During the course of the verbal confrontation, which continued to occur at the front of the store, the Appellant cursed at Lac and used a racial epithet. (N.T. 07/10/2014, p. 28). At some point during the dispute, Appellant threw Lac to the ground by Lac's vehicle. (N.T. 07/10/2014, p. 31).

Once their confrontation turned physical, Mr. Lac, fearing for his safety, contacted the police. The tape of Lac's 911 call, which was played for the jury at trial, indicated that Mr. Lac was extremely concerned about Appellant's violent and harassing behavior. In the 911 recording

2

it is possible to hear Morency yell to the police about Mr. Lac, telling police that "they better arrive quickly." (N.T. 07/10/2014, p. 35).

Officer Matthew Lawhead of the Richland Township Police Department arrived at the scene, responding to Lac's 911 call. Without prompting, Mr. Morency approached Officer Lawhead and explained that "I threw that mother f----- to the ground because he wouldn't get out of my way."[1] (N.T. 07/10/2014, p. 55). During their conversation, Officer Lawhead attempted to calm down the Appellant numerous times. After Appellant's temperament failed to improve, Office Lawhead threatened to arrest him. (N.T. 07/10/2014, p. 60). When Appellant failed to heed the officer's warnings and continued to act in a disruptive manner in front of the store, Officer Lawhead proceeded to attempt to arrest him.

Rather than submitting to Officer Lawhead, the Appellant assumed a fighting stance as if to physically confront the officer. (N.T. 07/10/2014, p. 62). While Officer Lawhead was able to restrain one of the Appellant's arms to cuff, he was unable to handcuff the other by himself and requested assistance from another officer to complete the arrest. (N.T. 07/10/2014, p. 65). It took two extra pairs of handcuffs to detain the Appellant, and following being detained in the police vehicle the Appellant continued to kick and yell. As an explanation for his failure to cooperate with the officers, Morency explained to the officers that he had an injured shoulder which made it difficult to acquiesce to the request to place both arms behind his back. (N.T. 07/10/2014, p. 65).

Based on the above-mentioned testimony, a jury found the Appellant guilty of Count Two, Resisting Arrest, and Count Three, Disorderly Conduct. This Court also found the Appellant guilty of summary Harassment. The jury found the Appellant not guilty of Count One, Simple Assault, and Counts Four, Five and Six pertaining to Disorderly Conduct.

---

[1] We have chosen to censor part of Appellant's obscene language within this Opinion.

3

On July 11, 2014, this Court sentenced Appellant on the Resisting Arrest and Disorderly Conduct counts to a period of two years probation, followed by a consecutive period of six months probation, along with 30 hours of community service.

On September 25, 2014, oral argument was held regarding Appellant's Motion for Post-Sentence Relief (titled as a "Motion for New Trial and in Arrest of Judgment"). This Court issued an Order on October 3, 2014, denying Appellant's motion.

Appellant filed a Notice of Appeal on October 21, 2014, with the Superior Court of Pennsylvania. This Court directed, by Order on October 22, 2014, that Appellant's counsel provide a concise statements of errors complained of on appeal no later than twenty-one (21) days from that date in accordance with Pa. R.A.P. 1925(b).

## ISSUES RAISED ON APPEAL

Upon request by this Court, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), a Statement of Matters Complained of on Appeal was filed by trial counsel on November 7, 2014, setting forth the following allegations, *verbatim*:

1) The trial court erred in finding that passive resistance to police officers attempting to handcuff Appellant constitutes resisting arrest.

2) The evidence was insufficient to sustain a conviction for misdemeanor disorderly conduct pursuant to 18 Pa. C.S.A. §5503(a)(1), for engaging in fighting or threatening, or in violent, tumultuous behavior, when the only warning to desist was given after the altercation was over and the evidence, at most, constitutes a summary offense.

On November 12, 2014, trial counsel filed with this Court a second set of matters complained of on appeal. These allegations are also listed as follows, *verbatim*:

4

1) Was passive force sufficient to convict Appellant of resisting arrest?

2) Did the Commonwealth prove all elements of disorderly conduct and/or was the disorderly conduct only a summary offense?

## DISCUSSION

Appellant has raised two issues on appeal. We note that while two separate Statements of Matters Complained of on Appeal were filed with this Court, they are substantively synonymous. As it was filed at a later date and within the allotted time period, we will address Appellant's more succinct November 12, 2014, filing.[2] We will address the Resisting Arrest conviction first before proceeding to discuss matters pertaining to Disorderly Conduct.

## I.     RESISTING ARREST

Appellant's contentions regarding Resisting Arrest will be discussed both in the context of the amount of resistance offered by Mr. Morency, as well as the amount of force required by the officers to subdue him.

In defining what constitutes Resisting Arrest, the Pennsylvania Crimes Code states:

"A person commits a misdemeanor of the second degree if, with intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S. § 5104.

---

[2] We note again, however, that the issues raised in the November 12th Statement of Matters Complained of on Appeal are materially similar to what was raised on November 7th.

Based on the statute it is clear that a defendant may be convicted of Resisting Arrest if that individual's conduct creates a substantial risk of bodily injury *or* requires substantial force on the part of law enforcement to subdue the resistance.

### A. <u>SUBSTANTIAL FORCE</u>

Appellant contends that his conviction for Resisting Arrest is improper because he merely offered "passive resistance" to law enforcement. To this end, Appellant relies on the stated claim that he was suffering from a shoulder injury at the time of the arrest.[3] While we agree with Appellant's position that his conduct did not create a substantial risk of bodily injury, we find that substantial force was required by the arresting officers to effectuate the arrest, thereby satisfying the statutory requirements to convict Mr. Morency of Resisting Arrest.

The controlling case establishing the standard for analysis of a Resisting Arrest conviction is <u>Commonwealth v. McDonald</u>, 17 A.3d 1282, 1284 (Pa. Super 2011). In <u>McDonald</u>, the court established that even when the resistance offered is passive in nature, a Resisting Arrest conviction should be upheld if the arresting officers must use substantial force to overcome the resistance offered. <u>Id</u>. *See also*: <u>Commonwealth v. Thompson</u>, 922 A.2d 926 (Pa. Super 2007) (holding that passive resistance can still rise to the level of Resisting Arrest if substantial force is required to overcome the offender's resistance).

We find that Appellant's conduct sufficiently meets the criteria established by 18 Pa.C.S. § 5104 and <u>McDonald</u>. When Mr. Morency was informed that he was under arrest he proceeded to enter into a fighting stance to oppose Officer Lawhead and challenge him physically. (N.T. 07/10/2014, p. 62). Furthermore, Appellant offered enough physical resistance so as to require Officer Lawhead to seek the assistance of his partner to effectuate the arrest as he was unable to

---

[3] We note that there was no medical evidence presented to substantiate or detail the extent of Appellant's shoulder injury.

restrain Morency by himself. Appellant continually refused to place his arms behind his back and there was physical resistance offered at all times during the attempted arrest. (N.T. 07/10/2014, p. 65). Therefore, even if Appellant's conduct could be described as passive in that he did not strike the arresting officers, Mr. Morency's actions did in fact meet the criteria for Resisting Arrest established in Pennsylvania. Viewed in sum, Appellant's conduct clearly required the arresting officers to exert substantial force, thereby satisfying Pennsylvania's statutory requirement.

## II.    **DISORDERLY CONDUCT**

Appellant was convicted of one count of Disorderly Conduct. An individual is guilty of the misdemeanor of Disorderly Conduct "if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he engages in fighting or threatening, or in violent or tumultuous behavior." 18 Pa.C.S. § 5503(a)(1). Additionally, to distinguish the misdemeanor of Disorderly Conduct from a summary offense, in order to be guilty of misdemeanor Disorderly Conduct, the intent must be to "cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist." 18 Pa.C.S. § 5503(b).

### A. **TUMULTUOUS BEHAVIOR**

Appellant alleges that he is not guilty of the misdemeanor of Disorderly Conduct because the intent to bring about serious inconvenience or inflict substantial harm was not present. Appellant cites to support this argument the lack of injuries suffered by the officers or Mr. Lac. We disagree with Appellant's contentions and find that Mr. Morency engaged in tumultuous behavior which persisted after receiving a reasonable warning to desist.

Mr. Morency engaged in fighting, threatening, and tumultuous behavior on February 26, 2014, both in relation to Mr. Lac and in regard to his conduct with Officer Lawhead. First, it is clearly established that Appellant's behavior towards Mr. Lac consisted of fighting and threatening

7

behavior. The 911 recording of Lac's telephone call itself exhibits Appellant threatening Mr. Lac. (N.T. 07/10/2014, p. 35). Furthermore, there was uncontested evidence presented at trial that Appellant engaged in fighting and violent behavior when he physically pushed Lac to the ground. Lastly, Appellant also engaged in tumultuous behavior. Merriam-Webster defines tumult as a "state of noisy confusion or disorder." *See*: "Tumult" *Merriam-Webster*. Throughout Appellant's interaction with Lac and Officer Lawhead he was being boisterous and using expletives. All of this conduct took place immediately outside of the Redner's Market entrance within earshot of other patrons.

Nevertheless, to constitute misdemeanor Disorderly Conduct, as opposed to summary Disorderly Conduct, Appellant must be found to have either caused substantial harm or inconvenience, or persisted after a reasonable warning to desist. We find that Mr. Morency continued his unruly behavior after being asked several times by Mr. Lac to stop, as well as after being given numerous reasonable warnings by Officer Lawhead to desist.

Mr. Morency received adequate warnings by Officer Lawhead to halt his tumultuous behavior prior to arrest. Officer Lawhead testified at trial that he asked Mr. Morency to calm down numerous times and that it wasn't until the fifth request to calm down that Officer Lawhead informed Mr. Morency that he was under arrest. (N.T. 07/10/2014, p. 60). Indeed, Officer Lawhead testified that "I'm very methodical in my instructions and directions. I said, Mr. Morency, you're going to get yourself arrested, you have to calm down. You're going to have every opportunity to speak to me." (N.T. 07/10/2014, pp. 59-60). Certainly, when coupled with Mr. Lac's repeated requests that Appellant cease verbally berating him, Mr. Morency was afforded numerous opportunities to desist.

8

For these reasons, we find that Appellant engaged in tumultuous behavior after reasonable warning or request to desist.

## **CONCLUSION**

For the reasons heretofore stated, we suggest that Appellant's claims on appeal are without merit.

BY THE COURT:

12|8|2014
Date

C. THEODORE FRITSCH, JR., J.

N.B.   It is your responsibility
to notify all interested parties
of the above action.

9

*Commonwealth of Pennsylvania v. Ronald P. Morency, Jr.*
*Bucks Co. CCP, No. CP-09-CR-0002533-2014*

Copies to:

Nathan Criste, Esquire
PUBLIC DEFENDER'S OFFICE
Bucks County Courthouse
Doylestown, PA 18901
    *Attorney for Appellant*


William Murphy, Esquire
DISTRICT ATTORNEY'S OFFICE
Bucks County Courthouse
Doylestown, PA 18901
    *Attorney for Appellee*